**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LONNITA FLEETWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.  CIV-04-1299-M** |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

On March 4, 2002 Plaintiff protectively filed her applications for DIB and SSI alleging a disability since December 1, 2000 (TR. 61-63, 437/J-437/L). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 28, 29, 437/M, 437/P). Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on April 6, 2004 (TR. 450-485). The Plaintiff appeared in person and with her attorney and offered testimony in support of the applications (TR. 454-480).  A vocational expert (VE) testified at the request of the ALJ (TR. 480-484). The ALJ issued his decision on May 19, 2004 finding that Plaintiff was not entitled to DIB or SSI (TR. 16-25). The Appeals Council denied the Plaintiff's

request for review on August 19, 2004, and thus, the decision of the ALJ became the final decision

of the Commissioner (TR. 7-9).

## STANDARD OF REVIEW

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799,

800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial
> evidence. (citations omitted). Substantial evidence is "more than a mere
> scintilla. It means such relevant evidence as a reasonable mind might
> accept as adequate to support a conclusion." (citations omitted). In
> evaluating the appeal, we neither reweigh the evidence nor substitute our
> judgment for that of the agency. (citations_omitted). We examine the
> record as a whole, including whatever in the record fairly detracts from the
> weight of the Secretary's decision and, on that basis, determine if the
> substantiality of the evidence test has been met. (citations omitted). If,
> however, the correct legal test in weighing the evidence has not been
> applied, these limitations do not apply, and such failure constitutes grounds
> for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be

found only where there is a conspicuous absence of credible choices or no contrary medical

evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential

evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff

had not engaged in substantial gainful activity since the alleged disability onset date, so the

process continued (TR. 23).  At step two, the ALJ concluded that the Plaintiff suffers from severe

impairments due to status post mitral valve replacement and asthma (TR. 24).  At step three, the

ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet

or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 24).   At step

four, the ALJ found that Plaintiff lacked the residual functional capacity RFC to perform her past

relevant work (PRW) (TR. 24).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform less than the full range of sedentary work provided that Plaintiff avoid extreme heat and cold, fumes, odors, and dust; and further provided such work could be performed by someone with a "moderate level of discomfort and some fatigue and anxiety" (TR. 24). The ALJ considered the testimony of the VE and determined that since the Plaintiff was capable of making an adjustment to other work existing in significant numbers in the national economy, the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 24-25).

On appeal to this Court, Plaintiff alleges that the ALJ (I) erred at step two of the sequential evaluation process in determining that Plaintiff's did not have a severe mental impairment; (II) erred by formulating an RFC assessment that failed to include all of Plaintiff's limitations; and (III) erred in his analysis of Plaintiff's credibility.

**Medical Evidence**

In November 2000 Plaintiff was hospitalized with admission diagnoses of chronic obstructive pulmonary disease (COPD), and reactive airway asthma disease (TR. 186). She was discharged with a diagnosis of exacerbation of COPD, extensive hilar and mediastinal lymphadenopathy (unchanged since 3/27/00); and "mild pulmonary fibrosis and dyspnea, resolved" (TR. 186). Her discharge condition was "much improved" (TR. 186). Plaintiff was again hospitalized in March 2001 with acute exacerbation of asthma (TR. 220). F. James McGouran, M.D., assessed Plaintiff as having "panic symptoms with panic disorder, improved" (TR. 220). Upon discharge he recommended that she quit smoking and that she have limited activity (TR.

212). Dr. McGouran prescribed Paxil and Xanax for her anxiety (TR. 211).

Plaintiff was examined by a consultative examiner, David Seitsinger, D.O., in April 2001 (TR. 249-251).   Dr. Seitsinger observed that Plaintiff had conversational dyspnea, as well as dyspnea on ROM testing; that her lung sounds were very clear and she had good air exchange; and that she could make personal or social judgments, ambulate for short distances without the use of assistive devices and could manipulate fine and gross objects (TR. 251). Dr. Seitsinger also assessed Plaintiff as having panic attacks with anxiety (TR. 250).

A Physical RFC Assessment completed in May 2002 by an agency physician concluded that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stoop only occasionally; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 262). The agency physician further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 262-265).

A second Physical RFC Assessment completed in July 2002 by an agency physician concluded that Plaintiff could occasionally lift and/or carry 10 pounds and frequently lift and/or carry 5-10 pounds; and stand and/or walk for at least two hours and sit about six hours in an eight hour workday (TR. 338). The agency physician further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 338-341).

In August 2002 Plantiff underwent mitral valve replacement surgery (TR. 346).   Her recovery was described as "benign" and her physician determined that she was unable to work for approximately 2-3 months (TR. 346).

At the hearing Plaintiff testified that she had anxiety attacks for which she took Xanax; that the Xanax helped her with the attacks; and that the last attack she had was one week prior to the hearing (TR. 463-464).

# I.

Plaintiff urges on appeal that the ALJ erred in finding that the Plaintiff's mental impairment was not severe at step two.  Step two of the Sequential Evaluation Process, is governed by the Secretary's "severity regulation."  Bowen v. Yuckert, 482 U.S. 137,140-41 (1987); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).  The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled.    [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c).  Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities."  Williams, 844 F.2d at 751.  This threshold determination is to be based on medical factors alone.  Vocational factors, such as age, education, and work experience, are not to be considered.  Bowen, 482 U.S. at 153; Williams, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1520(b).  These abilities and aptitudes include the following:

> (1)     Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2)     Capacities for seeing, hearing, and speaking;
>
> (3)     Understanding, carrying out, and remembering simple instructions;
>
> (4)     Use of Judgment;
>
> (5)     Responding appropriately to supervision, co-workers and usual work situations; and

(6)     Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is de minimis.  Williams, 844 F.2d at 751.  As the

United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by
> identifying at an early stage those claimants whose medical
> impairments are **so slight** that it is unlikely they would be found to
> be disabled even if their age, education, and experience were taken
> into account.

Bowen, 482 U.S. at 153 (emphasis added).  The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe
> impairment concept.  If an adjudicator is unable to determine
> clearly the effect of an impairment or combination of impairments
> on the individual's ability to do basic work activities, the sequential
> evaluation process should not end with the not severe evaluation
> step.  Rather, it should be continued.

Social Security Ruling 85-28 (1985).  In other words, step two "is an administrative convenience

[used] to screen out claims that are 'totally groundless' solely from a medical standpoint."  Higgs

v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting Farris v. Secretary of HHS, 773

F.2d 85, 89 n. 1 (6th Cir. 1985)).

The procedure for the evaluation of a mental impairment is explained in 20 C.F.R. 1520a.

However, a claimant has the initial burden to establish the existence of a mental impairment.

> If you are not doing substantial gainful activity, we always look first
> at your physical or mental impairment(s) to determine whether you
> are disabled or blind. Your impairment must result from anatomical,
> physiological, or psychological abnormalities which can be shown by
> medically acceptable clinical and laboratory diagnostic techniques.
> A physical or mental impairment must be established by medical
> evidence consisting of signs, symptoms, and laboratory findings, not
> only by your statement of symptoms.

20 C.F.R. § 404.1508.  See also 20 C.F.R. § 404.1528 ("Symptoms are your own description of

your physical or mental impairment.  Your statements alone are not enough to establish that there

is a physical or mental impairment.")(emphasis in original).

The only medical evidence of Plaintiff's claimed mental impairment comes from Plaintiff's treating physician, Dr. McGouran, who intermittently and without explanation, gives Plaintiff a diagnosis of "panic disorder" or "panic symptoms" (TR. 211, 213, 214, 220, 224, 233).   The medical record fails to show that Plaintiff ever sought or received treatment for this condition other than medications. The record further fails to show that any further treatment was ever recommended.   The record is further silent as to the impact of this impairment, if any, on Plaintiff's ability to do basic work activities. To qualify as severe a claimant "must show more than the mere presence of an condition or ailment." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

Thus, it appears that the ALJ correctly determined that Plaintiff's failed to sustain her burden, albeit de minimis, of showing that she had a severe mental impairment.

## II.

Plaintiff also alleges that the ALJ erred by not properly evaluating her RFC (See Plaintiff's Brief at pages 13-15).  The ALJ found that Plaintiff had the RFC to lift no more than 10 pounds at a time; that she could sit approximately 6 hours out of an 8 hour workday; that she was able to walk and stand a total of 2 hours out of an 8 hour workday; and that she should avoid extreme heat and cold, fumes, odor, and dust (TR. 21).  In deference to Plaintiff's non-severe mental impairment, the ALJ further found that Plaintiff "would have moderate level of discomfort and some fatigue and anxiety" (TR. 21).

As previously discussed, the medical record does not support the degree of limitation claimed by Plaintiff. None of Plaintiff's physicians imposed any long-term work-related restrictions.

Thus, it appears that the ALJ's RFC assessment included all of Plaintiff's impairments established by the evidence; and that such is supported by substantial evidence and should not be disturbed on appeal.

# III.

Plaintiff argues on appeal that the ALJ erred in evaluating her credibility (See Plaintiff's Brief at pages 16-18).  The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c) , 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. Id. At 163.  Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  Id.  Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

Id. at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1488 (10th Cir. 1991).  See also Luna, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In Kepler v. Chater, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with Luna, and provide the reasoning which supports the decision as opposed to mere conclusions.  Id. at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

Id. at 391. Kepler does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the Luna analysis and in assessing the credibility of the Plaintiff followed the dictates of Kepler by providing a meaningful discussion of the evidence which linked specific evidence to his findings (TR. 21).   In accordance with Luna and Kepler, the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff.

An ALJ's determination of credibility is given great deference by the reviewing court.  See Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495 (10th Cir. 1992).  On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. Kepler at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.  The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28

U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 13th  day of September, 2005.


_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE


Fleetwood R&R WPD.wpd